```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


DIANE HUFFMAN,                  )
                                )
              Plaintiff,        )
                                )
     v.                         )         1:19CV336
                                )
BRINKER NORTH CAROLINA, INC.,   )
                                )
              Defendant.        )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff Diane Huffman brings a North Carolina common law claim for negligence against Defendant Brinker North Carolina, Inc. ("Brinker"). (Doc. 4.) Defendant has moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 7.) For the reasons set forth below, the court will deny Defendant's motion to dismiss.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The facts, taken in the light most favorable to the Plaintiff, are as follows.

### A. Factual Background

Plaintiff Huffman is a resident of North Carolina. (Complaint ("Compl.") (Doc. 4) ¶ 1.) She is an eighty-one-year-old woman. (Id. ¶ 25.) Defendant Brinker is a corporation organized under the laws of the Commonwealth of Virginia and

doing business within the state of North Carolina. (Id. ¶ 3.) Defendant leases a property in Burlington, North Carolina, where Defendant has constructed and operates a restaurant named Chili's Bar & Grill ("Chili's"). (Id. ¶¶ 3-4.)

On March 16, 2018, at around 5:30 p.m., Plaintiff went to Chili's for dinner. (Id. ¶ 9.) As she "approached the main entrance of Chili's, she tripped over a metal edging and fell." (Id. ¶ 10.) Plaintiff "fell to the ground striking her right arm, her head and both of her knees." (Id. ¶ 18.) She was diagnosed with a fracture of the right humerus, an abrasion above her eye, and bruised knees. (Id. ¶ 22.) Plaintiff required twenty-four-hour care, as she could not stand up or sit down without the use of her right arm and hand. (Id. ¶ 25.) Plaintiff hired an agency to provide twenty-four-hour care from March 18, 2018, until she was able to care for herself. (Id. ¶ 26.)

"The metal edging that Mrs. Huffman tripped over runs parallel to, and abuts, the sidewalk, is dark in color and sticks up approximately one (1) inch above the surface of the sidewalk." (Id. ¶ 11.) The metal edging "runs along the edge of the sidewalk and then makes a 90 degree turn, along with the sidewalk, and continues toward the main entrance of the restaurant." (Id. ¶ 15.)

This edging's purpose is to "serve as a mulch barrier for the landscaped areas next to the sidewalk." (Id. ¶ 13.) Further, Plaintiff alleges that the "metal edging is designed and colored in such a way as to allow it to blend into the concrete sidewalk and the mulched area making it difficult to see." (Id. ¶ 14.)

Plaintiff alleges that "[t]he manner and location where the metal edging is installed makes it reasonably foreseeable that a person could trip over it as he/she turns the corner to walk to Chili's main entrance." (Id. ¶ 16.) She further alleges that "Brinker knew that other people had tripped over this metal edging, including its own employees, prior to Mrs. Huffman tripping over the metal edging." (Id. ¶ 17.) Finally, she alleges that, even though Defendant had knowledge of people tripping over the metal edging, Defendant "still had not made any effort to warn people of the metal edging or to paint a portion of it with a brightly colored paint to increase its visibility."[1] (Id.)

---

[1] Defendant argues in its reply that Plaintiff has argued facts in the response that are not alleged in the Complaint. (Doc. 13 at 1-3.) Defendant's point is well taken. However, this court understands the different between facts and argument and has only relied upon facts alleged in the Complaint in reaching this decision.

## B. Procedural Background

Plaintiff originally filed her complaint in the Superior Court of Alamance County on February 20, 2019. (Compl. (Doc. 4).) Defendant properly removed the case to this court on March 26, 2019, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal (Doc. 1) at 1.)

Defendant filed its Motion to Dismiss, (Def.'s Motion to Dismiss (Doc. 7)), and a supporting brief, (Brief in Supp. of Def.'s Motion to Dismiss ("Def.'s Br.") (Doc. 8)). Plaintiff has responded, (Pl.'s Brief in Opp'n to Def.'s Motion to Dismiss (Doc. 11)), and Defendant replied, (Def.'s Reply Brief in Supp. of Motion to Dismiss (Doc. 13)).

Defendant argues that Plaintiff fails to state a negligence claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Br. (Doc. 8) at 4–5.) Specifically, Defendant contends that the landscape barrier was not a dangerous condition, or, if it is a dangerous condition, it was an open and obvious condition for which Defendant had no duty to warn. (Id. at 5–8.) Defendant further argues that, even if Plaintiff plausibly alleged negligence on behalf of Defendant, Plaintiff's allegations reveal that she was contributorily negligent, which would bar her claim. (Id. at 8–10.)

## II. **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556–57). When ruling on a motion to dismiss, this court accepts the complaint's factual allegations as true. Iqbal, 556 U.S. at 678. Further, this court liberally construes "the complaint, including all reasonable inferences therefrom, . . . in plaintiff's favor." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted). This court does not, however, accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

## III. **ANALYSIS**

Because this is an action brought under diversity of citizenship jurisdiction, North Carolina substantive law

applies. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938).

   A.   **Negligence**

"To prevail in a common law negligence action, a plaintiff must establish that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the plaintiff's injury was proximately caused by the breach." Martishius v. Carolco Studios, Inc., 355 N.C. 465, 473, 562 S.E.2d 887, 892 (2002).

A landowner has "the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." Nelson v. Freeland, 349 N.C. 615, 631-32, 507 S.E.2d 882, 892 (1998). In particular, "owners owe a duty to business invitees to keep the entrance in a reasonably safe condition." Lamm v. Bissette Realty, Inc., 327 N.C. 412, 417, 395 S.E.2d 112, 116 (1990).[2] There is, however, "no duty to protect a lawful visitor from dangers which are either known to him or so obvious and apparent that they may reasonably be expected to be

---

[2] While the North Carolina Supreme Court abolished the premises liability trichotomy — invitees, licensees, and trespassers — in Nelson, 349 N.C. at 631-32, 507 S.E.2d at 892, in favor of a reasonable care standard for all lawful visitors, the reasonable care standard already applied to invitees, and therefore the change announced in Nelson does not impact this analysis.

discovered." Kelly v. Regency Ctrs. Corp., 203 N.C. App. 339, 343, 691 S.E.2d 92, 95 (2010).

"Actionable negligence occurs when a defendant owing a duty fails to exercise the degree of care that a reasonable and prudent person would exercise under similar conditions, or where such a defendant of ordinary prudence would have foreseen that the plaintiff's injury was probable under the circumstances." Martishius, 355 N.C. at 473, 562 S.E.2d at 892 (internal citations omitted) (citing Hart v. Ivey, 332 N.C. 299, 420 S.E.2d 174 (1992); Pittman v. Frost, 261 N.C. 349, 134 S.E.2d 687 (1964)).

Defendant contends that Plaintiff fails to plausibly allege that (1) the landscape barrier was a dangerous condition; or (2) that even if the landscape barrier was a dangerous condition, it was not an open and obvious condition for which Defendant had a duty to warn. (Def.'s Br. (Doc. 8) at 5-8.)

Plaintiff alleges that she was a patron of Chili's, (Compl. (Doc. 4) ¶¶ 9-10), which is sufficient to plausibly allege that she was a lawful visitor to Defendant's place of business. Defendant thus owed her a duty to "to keep the entrance in a reasonably safe condition." Lamm, 327 N.C. at 417, 395 S.E.2d at 116.

Plaintiff alleges Defendant "breached its duty to use ordinary care to maintain its premises in a safe condition by causing to be installed, and/or failing to provide warning of, the metal edging." (Compl. (Doc. 4) ¶ 30.)

The North Carolina Supreme Court has held that "[s]light depressions, unevenness and irregularities in outdoor walkways, sidewalks and streets are so common that their presence is to be anticipated by prudent persons." Evans v. Batten, 262 N.C. 601, 602, 138 S.E.2d 213, 214 (1964). As stated by the North Carolina Supreme Court, however, Evans and other cases do not "establish a rule that a plaintiff can never state a valid case for recovery based upon tripping on a sidewalk." Pulley v. Rex Hosp., 326 N.C. 701, 706, 392 S.E.2d 380, 384 (1990), abrogated on other grounds by Nelson, 349 N.C. at 618, 507 S.E.2d at 884. In total, "[these] prior cases merely establish that the facts must be viewed in their totality to determine if there are factors which make the existence of a defect in a sidewalk, in light of the surrounding conditions, a breach of the defendant's duty and less than "obvious" to the plaintiff." Id. "Such factors may include the nature of the defect in the sidewalk, the lighting at the time of the accident, and whether any other reasonably foreseeable conditions existed which might have distracted the attention of one walking on the sidewalk." Id.

As this is a fact-intensive inquiry, it should not be resolved at the motion to dismiss stage. See Allred v. Capital Area Soccer League, Inc., 194 N.C. App. 280, 291-92, 669 S.E.2d 777, 783-84 (2008) (holding the trial court erred in granting a defendant's motion to dismiss a plaintiff's premises liability claim and noting that "[i]t is rare that a negligence claim should be dismissed upon the pleadings"); cf. Barnard v. SunTrust Bank, Civil Action No. 1:11-cv-000289-MR, 2013 WL 5460291, at *7 (W.D.N.C. Sept. 30, 2013) (denying motion to dismiss the plaintiffs' fraud claims because "[d]etermining the state of the Plaintiffs' knowledge and the reasonableness of their due diligence are fact-intensive inquiries which would be better resolved at the summary judgment stage or, if necessary, at trial"); Von Viczay v. Thoms, 140 N.C. App. 737, 740, 538 S.E.2d 629, 631-32 (2000) (engaging in such a fact-intensive inquiry at the summary judgment stage); Allsup v. McVille, Inc., 139 N.C. App. 415, 416-17, 533 S.E.2d 823, 824-25 (2000) (same). All Plaintiff must do at this stage is allege sufficient facts "accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

Plaintiff alleges that "[t]he metal edging is designed and colored in such a way as to allow it to blend into the concrete

sidewalk and the mulched area making it difficult to see." (Compl. (Doc. 4) ¶ 14.) Plaintiff also alleges that the Defendant knew "that other people had tripped over this metal edging, including its own employees," and that Defendant had "not made any effort to warn people of the metal edging or to paint a portion of it with a brightly colored paint to increase its visibility." (Id. ¶ 17.) These facts, taken in the light most favorable to Plaintiff, are enough for Plaintiff to plausibly allege that the metal edging was not reasonably safe, she was not actually aware of it, and it was not open and obvious. Plaintiff thus plausibly alleges Defendant had a duty and that Defendant breached that duty by failing to exercise reasonable care. See Allred, 194 N.C. App. at 288–89, 669 S.E.2d at 782 (finding the plaintiff's allegations concerning dangerous and/or open and obvious conditions were sufficient to withstand a 12(b)(6) motion). Plaintiff also alleges that she tripped over the metal edging, which caused her injuries. (Compl. (Doc. 4) ¶¶ 10–11, 18.)

Taking the facts in the light most favorable to Plaintiff, the court finds she plausibly alleges that Defendant was negligent.

### B. Contributory Negligence

Defendant also argues that Plaintiff's complaint reveals Plaintiff was contributorily negligent. (Def.'s Br. (Doc. 8) at 8.) Defendant asserts that "Plaintiff offers no plausible allegations as to why she was so close to the landscaping barrier," which does not extend into the walkway. (Id. at 10.)

"When a plaintiff does not discover and avoid an obvious defect, that plaintiff will usually be considered to have been contributorially [sic] negligent as a matter of law." Price v. Jack Eckerd Corp., 100 N.C. App. 732, 736, 398 S.E.2d 49, 52 (1990). A defendant bears the burden of establishing contributory negligence. Clary v. Alexander Cty. Bd. of Educ., 286 N.C. 525, 532, 212 S.E.2d 160, 165 (1975). However, "[a] court should dismiss a complaint based on contributory negligence only when the allegations of the complaint taken as true 'show[ ] negligence on [the plaintiff's] part proximately contributing to his injury, so clearly that no other conclusion can be reasonably drawn therefrom.'" Sharp v. CSX Transp., Inc., 160 N.C. App. 241, 244-45, 584 S.E.2d 888, 890 (2003) (alterations in original) (quoting Ramey v. S. Ry. Co., 262 N.C. 230, 234, 136 S.E.2d 638, 641 (1964)); see also Shumaker v. Wake Forest Univ. Baptist Med. Ctr., No. COA11-598, 2012 WL 121408, at *2 (N.C. Ct. App. 2012) ("[O]rdinarily contributory negligence

should not be the basis of dismissing a complaint pursuant to Rule 12(b)(6) . . . ."). Here, construing the facts in the light most favorable to Plaintiff, the court does not find that "no other conclusion" but contributory negligence "can be reasonably drawn" from the facts alleged. Contributory negligence thus does not bar Plaintiff's claim at this stage of the proceedings.

IV. **CONCLUSION**

For the reasons set forth above, the court finds that Defendant's motion should be denied.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss, (Doc. 7), is **DENIED.**

This the 10th day of March, 2020.

　　　　　　　　　　　　　　　　/s/ William L. Osteen, Jr.
　　　　　　　　　　　　　　　　United States District Judge